IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MARTIN ROSARIO-RODRIGUEZ, Defendant. | 8:19-CR-295 TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has objected (filing 61) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected on two grounds. First, he objects to the presentence report's assessment of an enhancement to the offense level for involvement of an "authentication feature," pursuant to U.S.S.G. § 2B1.1(b)(11)(A)(ii). The defendant argues that "possession or use of a Social Security number does not equate to the possession of an authentication feature." Filing 61 at 2.

The Court agrees. Indeed, the Court has previously held that the primary function of an "authentication feature" should be its use by the issuing authority to determine if an identification document is counterfeit, altered, or otherwise falsified. *United States v. Rodriguez-Cisneros*, 916 F. Supp. 2d 932, 935 (D. Neb. 2013). Accordingly, the Court has distinguished between a "means of identification," such as a Social Security number or driver's license number, and an "authentication

feature," such as holograms, symbols, or codes used to verify that an identification document is authentic. *Id.* at 935-36.

Here, the presentence report does not identify the "authentication feature" the defendant is purported to have possessed—it simply refers to a fraudulent Social Security card and fraudulently obtained Kansas state identification card, suggesting that the defendant's possession of what appeared to be a genuine Social Security card supports finding that the defendant obtained an actual card, which contains an authentication feature. But the Court cannot determine from that description whether the presentence report's increase in the offense level is based on a true authentication feature, which would be appropriate, or merely a means of identification, which would not support the enhancement.

The burden is on the government to prove the factual basis for a sentencing enhancement by a preponderance of the evidence, so when the defendant objects, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *See [United States v. Peroceski](), 520 F.3d 886, 889 (8th Cir. 2008)*; *[United States v. Poor Bear](), 359 F.3d 1038, 1041 (8th Cir. 2004)*. Therefore, the Court will resolve the this objection based upon the evidence presented at sentencing.

The same enhancement is also based on § 2B1.1(b)(11)(C)(i), and the defendant objects to that as well. [Filing 61 at 4-6](). That section provides for an enhancement to the offense level when the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." *Id.* The defendant points out that a "means of identification" for Guidelines

purposes must by definition be that "of an actual (*i.e.*, not fictitious) individual", *see id.* cmt. n.1, and argues that the Kansas identification he possessed does not fit that definition because it was fraudulent, *see* filing 61 at 6.

The defendant's argument misses the mark, because his Social Security card used the name and Social Security number of a real person, and his Kansas identification was issued in that victim's name as well. The § 2B1.1(b)(11)(C)(i) enhancement is, in fact, focused on a defendant's use of another individual's name and Social Security number to obtain other forms of identification. *United States v. Weaver*, 866 F.3d 882, 883 (8th Cir. 2017). At the very least, the defendant seems to concede that he used another person's Social Security number, which suffices to support enhancement under § 2B1.1(b)(11)(C)(i). *See United States v. Melendrez*, 389 F.3d 829, 833 (9th Cir. 2004); *see also United States v. Oates*, 427 F.3d 1086, 1090 (8th Cir. 2005). Similarly, obtaining a fraudulent identification in another person's name suffices. *See United States v. Norwood*, 774 F.3d 476, 481 (8th Cir. 2014); *see also United States v. Kleiner*, 765 F.3d 155, 160 (2d Cir. 2014).

Accordingly, the Court tentatively finds that the defendant's objection to application of § 2B1.1(b)(11)(C)(i) is without merit.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 27th day of January, 2020.

BY THE COURT:

_____
John M. Gerrard
Chief United States District Judge